RECEIVED

05 APR -4 AM II: 19

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1   JOHN A. RUSSO, City Attorney State Bar No. 129729
2   RANDOLPH W. HALL, Assistant City Attorney State Bar No. 080142
    LINDA M. MOROZ, Attorney for City of Oakland State Bar No. 206736
3   One Frank H. Ogawa Plaza, 6th Floor
    Oakland, CA 94612
4   Telephone: (510) 207-1255          Fax: (510) 238-6500

5   Attorneys for Custodian of Records
    OAKLAND POLICE DEPARTMENT
6

FILED

APR 0 5 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

7

8                  **UNITED STATES DISTRICT COURT**

9                  **NORTHERN DISTRICT OF CALIFORNIA**

10

11  UNITED STATES OF AMERICA,           CASE NO.  CR-05-00689-MJJ

12              Plaintiff,              **[PROPOSED] PROTECTIVE ORDER**

13      v.

14  JOVAN KING,

15
            Defendant.
16

17

18          GOOD CAUSE HAVING BEEN SHOWN, IT IS HEREBY ORDERED:

19          That any information and/or documents from the Personnel and Internal

20  Affairs files (files generated by the Professional Standards Section) of the following

21  Oakland Police Department Officers are subject to the protective order set forth below:

22          1.    Officer R. WINGATE

23          2.    Sgt. E. JOYNER

24          3.    Officer S. MILLINGTON

25          4.    Officer C. BUNN

26  ///

-1-

**PROTECTIVE ORDER**

1.      The above documents and related information are disclosed only for purposes of and in connection with the defense of the underlying criminal action. Defendants and his counsel may not make use of the documents and information for any other purpose.

2.      The information and documents shall not be disclosed to any person except:

      a.  counsel of record for the defendants,

      b.  employees of such counsel assigned to and necessary to assist such counsel in the preparation of the defense in the underlying criminal action;

      c.  witnesses or complainants only where necessary to refresh recollection of the witness regarding witness's own prior written statements; witnesses will not be allowed access to information contained in statements of other witnesses or any information other than their own prior written statement;

      d.  the Court.

3.      Any person receiving any of the documents and information shall not reveal or discuss such documents and information to or with any person who is not entitled to receive such information under Paragraph 2 above.

4.      Any papers filed or to be filed with the Court that append any of the information, or make reference to the matters derived from any of the documents and information, shall be filed under seal and held in confidence.

5.      Within thirty (30) days after the termination of the above-captioned action, all of the documents and all copies thereof, shall be returned to the Custodian of Records.

6.      No action taken in compliance with this order shall operate as an admission

-2-

1  that any particular information is, or is not, admissible in evidence at the trial of this action.

2  Production by the custodian of records of the documents and information does not

3  constitute, nor is it to be construed as, a waiver of any privilege or evidentiary objection,

4  state or federal, that otherwise might have with respect thereto.

5

6  **IT IS SO ORDERED.**

7  DATED: 4/5/2006

8

9

10

11  HON. MARTIN J. JENKINS
    UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

-3-